UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TONY BISHOP,<br><br>    Defendant. | Case No. 10-cr-30166-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 34). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B).

The defendant pled guilty to one crime occurring in March 2010: possession with intent to distribute 100 grams or more of a mixture and substance containing heroin. The statutory sentencing range for this count as charged was 5 to 40 years. 21 U.S.C. § 841(b)(1)(B)(i). Because the defendant admitted to relevant conduct of 1,600 grams of heroin, and because he was sentenced before *Alleyne v. United States*, 570 U.S. 99 (2013)[1], the Court found he was subject to a statutory minimum sentence of 10 years. 21 U.S.C. § 841(b)(1)(A)(i). The Court imposed a sentence of 188 months.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[2]

---

[1] *Alleyne* held that, for relevant conduct to raise the statutory minimum sentence, it must be admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* at 108; *United States v. Austin*, 806 F.3d 425, 433 (7th Cir. 2015). *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that factors increasing a statutory minimum could be found by the court by a preponderance of the evidence. *Alleyne*, 570 U.S. at 116.

[2] Section 404 of the First Step Act provides in full:

    (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered

Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

As a preliminary matter, there is some dispute over the proper vehicle to implement § 404 of

---

offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The Court believes the better vehicle to impose a reduced term of imprisonment is § 3582(c)(1)(B). That provision allows the Court to modify a term of imprisonment "to the extent . . . expressly permitted by statute." The Court is aware that the Court of Appeals for the Seventh Circuit has indicated this provision allows for a sentence modification only if resentencing has been ordered after a successful direct appeal or a successful collateral attack. *United States v. Bailey*, 777 F.3d 904, 906 (7th Cir. 2015). However, the Court believes the Court of Appeals limited relief to these two situations because, at the time of its statement, no statute expressly gave the Court the authority to modify a term of imprisonment in any other circumstance. Now that the First Step Act has expressly provided additional authority to modify a term of imprisonment, it can serve as a basis for relief under § 3582(c)(1)(B).

The Court turns to the specifics of the defendant's case. The defendant's conviction is not the type of conviction covered by § 404 of the First Step Act. While he committed the federal offense before August 3, 2010, the Fair Sentencing Act did not modify the applicable statutory sentencing

range for the defendant's crime, a heroin offense. On the contrary, it only changed the statutory penalty range for certain crack cocaine offenses, Fair Sentencing Act, § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii) & (b)(1)(B)(iii)), and the defendant was not convicted of a crack cocaine offense. For this reason, the First Step Act does not authorize a reduction in the defendant's sentence.

Accordingly, the Court **DENIES** the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 34).

To the extent the defendant's motion suggests a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual § 1B1.10, based on Amendment 782 to the United States Sentencing Guidelines Manual, the Court finds this case is subject to Administrative Order 167. Accordingly, the Court **INVITES** the Federal Public Defender ("FPD") to appear for the defendant in connection with such a reduction and **DIRECTS** the Clerk of Court to send a copy of Administrative Order 167 to the defendant along with this order. Should the FPD enter an appearance, it shall be given sealed access to documents relating to the defendant.

**IT IS SO ORDERED.**
**DATED:   March 26, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**