UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 10-cr-30166-JPG |
| TONY BISHOP, | |
| Defendant. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant Tony Bishop to amend his presentence investigation report ("PSR") to remove ¶ 34, which describes a prior arrest (without conviction) for a sex crime (Doc. 44). He did not object to this paragraph of the PSR at the time the Court sentenced him. Bishop alleges that this arrest is preventing him from being transferred by the Bureau of Prisons ("BOP") to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

The Court has no authority to alter a finding in the PSR at this point in the case. It is too late to object to the PSR under Federal Rule of Criminal Procedure 32(f), which sets a deadline of 14 days after the defendant receives the PSR. Furthermore, there is no indication ¶ 34 contains an error—that is, that Bishop was not, in fact, arrested as stated—so Federal Rules of Criminal Procedure 35(a) and 36 can provide no basis to change the PSR. Bishop has not cited any other authority for the Court to exercise jurisdiction over his request, and the Court is unable on its own to discern any. *See, generally, United States v. Mittelsteadt*, 614 F. Supp. 887 (E.D. Wis. 1985) (no jurisdiction to alter loss amount in the presentence report for consideration by parole board), *aff'd*, 790 F.2d 39 (7th Cir. 1986).

To the extent Bishop may be complaining about the BOP's decision not to transfer him to

home confinement, the Court has no jurisdiction to review that decision.  "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."  *United States v. Wilson*, 503 U.S. 329, 335 (1992).  The BOP then has "plenary control" placement of the inmate, subject only to statutory limits.  *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).  This includes the decision whether to house an inmate in a prison or in home confinement, 18 U.S.C. § 3624(c)(2), and the Court has no jurisdiction to review that decision, 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").  *Saunders*, 986 F.3d at 1078 (noting that a court lacks authority to change an inmate's place of imprisonment, although it may recommend a different placement).  The defendant may seek relief from the BOP by filing an administrative remedy, but the Court cannot help him.

      For these reasons, the Court **DISMISSES** Bishop's motion to alter the PSR (Doc. 44) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:   June 7, 2021**

                              s/ J. Phil Gilbert
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**